that the learned justice decides the case to come within the rule of Walden v. Craig, 7 Pet. (32 U. S.) 144.]

LEDLEY (PHILIPS v.). See Case No. 11,-096.

## Case No. 8,176.

### Ex parte LEE.

[1 Cranch, C. C. 394.] [1]

Circuit Court, District of Columbia. July Term, 1806.

EXECUTORS — WILL REQUESTING NO SECURITY — WHEN ALLOWED IN VIRGINIA.

The orphans' court of Alexandria county cannot, in any case, grant letters testamentary without security, unless the testator's visible personal estate is sufficient to pay all the debts.

PER CURIAM. Mr. [E. J.] Lee was appointed one of the executors of W. Craik, deceased, who by his will declares, that "it is his wish and desire that his executors, or either of them, should not be required to give security as executors of his will." Mr. Lee applied to the orphans' court of Alexandria county for letters testamentary, which were refused, because it did not appear, to the satisfaction of that court, that there was visible estate enough to pay the testator's debts, and the court having reason to doubt, from its own knowledge, whether the testator's personal estate was sufficient for that purpose. From the judgment of that court Mr. Lee has appealed to this. The right to letters testamentary without giving security is claimed under the will and the act of assembly (page 163) which allows it only in cases where the testator shall have visible estate more than sufficient to pay all his debts, nor even in that case if the court shall see cause, from its own knowledge, to suspect that the testator's personal estate will not be sufficient to discharge all the debts. A second application was made to the court grounded on a statement of debts due from the testator in the county of Alexandria, and a schedule of personal estate in that county, without any estimate of the value thereof. But the court again refused, and from that judgment there is also an appeal to this court.

This court can see no error in either of those decisions, and is of opinion, that that court was bound by law to decide as it has decided. The appeal must therefore be dismissed.

## Case No. 8,177.

### Ex parte LEE.

[4 Cranch, C. C. 197.] [1]

Circuit Court, District of Columbia. April Term, 1832.

CLERK OF COURT—FEES—FOR CONTINUANCE.

If a case in equity be set for hearing as to some of the defendants, and, as to them, brought upon

[1] [Reported by Hon. William Cranch, Chief Judge.]

the docket of the court, and continued at the rules as to other defendants who are absent and who have not answered, the clerk has a right to charge his fees for the continuances at the rules.

Mr. Hewitt objected to the clerk's bill of fees in a chancery attachment, in which he charged continuances at the rules, after the cause was set for hearing as to the resident defendants, and common order of publication as to the absent defendants, and before the order of publication was executed. The cause as to the resident defendants was transferred to the court docket, but as to the absent defendants it remained at the rules.

THE COURT said it was a question of practice, and requested information as to the practice in the courts of Virginia. Mr. R. J. Taylor said the practice was as stated by Mr. [E. J.] Lee. Precedents were also produced in the time of Colonel Deneale; and on this day (3d May, 1832) a letter from Mr. Phillips, the clerk of the court at Fauquier, Virginia, was produced, confirming Mr. Lee's statement of the practice.

THE COURT (THRUSTON, Circuit Judge, absent) decided the point in favor of the clerk.